IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 14-34172 |
| CLAYTON L. JACKSON JR § | |
| § | CHAPTER 13 |
| DEBTOR § | |

**AMENDED DEBTOR'S OBJECTION TO CLAIM NO. 4 BY CERASTES LLC C/O WEINSTEIN, PINSON AND RILEY, PS**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED. A HEARING HAS BEEN SET ON THIS MATTER ON MARCH 19, 2015 AT 2:30 PM IN COURTROOM 600, AT THE UNITED STATES COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW CLAYTON JACKSON,** "Debtor" herein, and files this Objection to by Claim No. 4 by **CERASTES LLC C/O WEINSTEIN, PINSON AND RILEY, PS** "Claimant" herein, and would show the Court the following:

1. **Introduction:**

    a. Debtor filed this Chapter 13 bankruptcy case on 7/31/2014;

    b. On 12/09/2014, Claimant filed Proof of Claim No. 4, the "Claim" herein, in the amount of $815.98 as an unsecured claim. A copy of the Claim as filed is attached hereto as **Exhibit "A."**

2. **Basis for Debtor's Objection:**

    a. **§502(b)(1):**

    i. Under 11 U.S.C. §502(b)(1), the debt made the basis of the Claim is unenforceable against the Debtor or property of the Debtor under any agreement or applicable law; Debtor does recognize the Claimant, Ace Cash, but his records does not reflect that $815.98 is owed to Claimant;

    ii. According to Debtor, the Claimant is attempting to collect an inaccurate amount, which is much higher than what Debtor's records indicate.

**b. Claim fails to meet the Presumption of Validity:**

    i. Specifically, Claimant fails to attach copies of invoices, contracts, itemized statements of running account, or any statement showing the balance owed;

    ii. The documentation attached to the Claim fails to meet the requirements of Fed. R. Bankr. P. 3001, and therefore the Claimant do not enjoy the presumption of validity. Although an account summary has been attached with the claim, there is no explanation or statement provided explaining how Claimant reached at the amount that is being alleged;

**c. Claimant has violated Fed. R. Bankr. P. 3001(c)(1):**

    i. Fed. R. Bankr. P. 3001(c)(1) states in part that "when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Here, the Claim is based on writing, but no copy of any writing by Debtor, or an explanation for not attaching such writing is attached. Therefore Claimant has violated Rule 3001(c)(1).

3. **Claimant has not established a chain of title leading to the original creditor, and has not established standing to collect on this debt:**

    a. Claimant has included documents that show that it bought the claim from a different creditor than the original creditor. There are no documents attached to the Claim that shows how various creditors bought the Claim from the original creditor, Ace Cash;

    b. Debtor recognized Ace Cash from a long time ago, but he does not recognize Claimant or other companies that are mentioned in the Claim.

4. **Debtor has instructed the undersigned attorney to conduct discovery of facts:**

    a. Fed. R. Bankr. P. 3001 (c)(3)(B) provides that "on written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision." Written Request in the form of a discovery request is being sent to the Claimant, so the accuracy of the claim can be confirmed, and documents that Claimant has failed to attach can be obtained;

5. **Declaration by Debtor:**

    a. As set forth in Debtor's declaration, attached hereto as **Exhibit "B,"** Debtor's personal records do not reflect the Debtor owe this amount to the Claimant.

6. **Attorney fee for Debtor's Attorney is requested:**

    a. Debtor further requests the Court award the undersigned attorney reasonable and necessary attorneys' fees and costs in the amount of $697.50, caused by Claimant's failure to provide the required documentation set forth in Fed. R. Bankr. P. 3001, as a result of which, Debtor was forced to file an objection and to conduct discovery of facts.

   **b.** The fee requested ($697.50) includes a total of two and half (2 1/2) hours of time spent at $275.00 per hour for:

     i. Meeting the client to discuss the Claim;

    ii. Drafting the Declaration;

   iii. Drafting and filing this objection;

   iv. Drafting and sending discovery requests; and

    v. Time it will take to prepare for and attend Court to litigate this matter.

   vi. Costs: It also includes total costs of $10.00 for sending certified letter and parking.

**7. Prayer:**

   **a.** For the reasons set forth above, Debtor requests the Court disallow the Claim in its entirety, award attorney fees, prohibits the Claimant to offer any part of the Claim in any future litigation, and to grant such other and further relief, at law or in equity, to which the Debtor may be justly entitled.

Date: 2/9/2015                                        Respectfully submitted,

                                                                         **By:** */s/ Anis Damani*
**ANIS DAMANI**
State Bar No. 24072059
S.D. Tex. Bar. No. 1120911
8303 Southwest FWY, Ste. 111
Houston, TX 77074
(832) 333-7000
(866) 483-6981
anisdamani@yahoo.com
Attorney for Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on the following parties, and on the attached list, if any, by first-class mail or by electronic service on 2/9/2015:

1- Chapter 13 Trustee via Electronic Service;

2- Debtor via First-Class Mail at the following address:
   403 Pindale Ave.,
   Rosharon, TX 77583

3- Claimant CERASTES, LLC C/O WEINSTEIN, PINSON AND RILEY, PS
   Through its Attorney WEINSTEIN, PINSON AND RILEY, PS
   Via Email at: bncmail@w-legal.com
   And via first class mail at the following address:
   2001 Western Avenue, STE 400
   Seattle, WA 98121

By: */s/ Anis Damani*
**ANIS DAMANI**
State Bar No. 24072059
S.D. Tex. Bar. No. 1120911
8303 Southwest FWY, Ste. 111
Houston, TX 77074
(832) 333-7000
(866) 483-6981
anisdamani@yahoo.com
Attorney for Debtor